IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW C. STECHAUNER,

                Plaintiff,

  v.

EDWARD F. WALL, JON E. LITSCHER,
CATHY JESS, JAMES GREER,
PAUL KEMPER, JUDY P. SMITH,
JASON ALDANA, KRISTEN VASQUEZ,              OPINION & ORDER
DANIELLE FOSTER, SGT. JAMISON,
SGT. BROWN, OFFICER DISMUKE,                  17-cv-221-jdp
LORA BLASIUS, DOCTOR KREMBS,
DOCTOR PATRICK MURPHY,
DOCTOR WHEATLEY, DOCTOR SHEIDE,
DOCTOR ADAMS, SGT. NEAL, and
DAWN FOFANA, JOHN/JANE DOES,

                Defendants.

---

Pro se plaintiff Matthew C. Stechauner, a Wisconsin prisoner incarcerated at the Oshkosh Correctional Institution (OCI), filed a motion for a preliminary injunction with his proposed complaint. Dkt. 4. Stechauner alleges that he is coughing up blood and mucus every day and that he suffers from dizziness, breathing problems, and a host of other medical issues. *Id*. at 1. He seeks an order requiring the Health Service Unit at OCI to provide him with proper medical care. *Id*. Because Stechauner alleges that he has urgent medical needs, I ordered an expedited response from defendants Danielle Foster and Doctor Wheatly. Dkt. 13. Foster and Wheatly responded as ordered, and Stechauner's motion for a preliminary injunction is now fully briefed. Dkt. 16; Dkt. 17; Dkt. 18; Dkt. 19. I will deny Stechauner's motion.

To obtain a preliminary injunction, the movant must show that (1) he will suffer irreparable harm before the final resolution of his claim without a preliminary injunction; (2) traditional legal remedies are inadequate; and (3) his claim has some likelihood of success on the merits. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 323-24 (7th Cir. 2015). Once the movant makes this showing, the court "weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to other parties or the public is sufficiently weighty that the injunction should be denied." *Id*. (citing *ACLU of Ill. v. Alvarez*, 679 F.3d 583, 589 (7th Cir. 2012)).

The Prison Litigation Reform Act limits the scope of preliminary injunctive relief in cases challenging prison conditions. Under the PLRA, the injunctive relief to remedy prison conditions must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012). The PLRA also requires the court to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." 18 U.S.C. § 3626.

Foster's declaration, Dkt. 17, shows that Stechauner is regularly seen by medical professionals. Between January 2017 and March 31, the date of Foster's declaration, Stechauner had been seen by the HSU at OCI more than a dozen times. *Id.* ¶ 7. He also has been seen by numerous offsite doctors, for an otolaryngologist consultation, an endoscopy of his throat, and a head and neck soft-tissue CT scan. *Id*. ¶¶ 8-9. Most recently, after the filing of his preliminary injunction motion, Stechauner underwent a surgery that removed

"biopsies/polyps in [his] throat." *Id*. ¶ 9. Although Stechauner does not have diagnoses for all his numerous symptoms yet, he continues to receive medical care. *Id*. ¶ 12.

Stechauner contends that his current medical care is inadequate, but he does not dispute Foster's evidence. He submits five of his health service requests, Dkt. 18-1, and each of them shows that he was seen promptly. (The exact dates are hard to make out on two of these, but Stechauner does not contend that he is not being seen.) His argument boils down to this: if he is receiving proper medical care, "th[e]n how is [he] still having serious medical issues . . . ?" Dkt. 18, at 6. The Eighth Amendment does not allow prison officials to turn a blind eye to serious medical problems, but it does not promise a cure. Stechauner does not dispute that he is receiving constant medical care, and such care is the "antithesis of deliberate indifference." *Harper v. Santos*, 847 F.3d 923, 927 (7th Cir. 2017) (quoting *McGee v. Adams*, 721 F.3d 474, 482 (7th Cir. 2013)); *accord Wheeler v. Wexford Health Sources, Inc.*, Case No. 11-cv-0839, 2012 WL 4936599, at *6 (S.D. Ill. Sept. 21, 2012) (finding no irreparable harm when the inmate received "regular medical care").

Because the parties' submissions show that there is no genuine dispute that prison officials are not ignoring Stechauner's complaints and that he is receiving regular care, I can decide Stechauner's motion without a hearing. "An evidentiary hearing is required if the nonmoving party raises genuine issues of material fact in response to a motion for a preliminary injunction." *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 814 (7th Cir. 2002) (citation omitted). But a district court "need not conduct an evidentiary hearing unless one is called for as a result of a fact issue created by the response to a motion for a preliminary injunction." *Dexia Credit Local v. Rogan*, 602 F.3d 879, 884 (7th Cir. 2010) (citations omitted). There is no dispute as to any material fact here.

3

Stechauner is not foreclosed from filing another motion for an injunction if he can show that prison officials are providing care they know to be ineffective. *See Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016). But at this point, Stechauner has not shown this to be the case.

ORDER

IT IS ORDERED that plaintiff Matthew C. Stechauner's motion for preliminary injunction, Dkt. 4, is DENIED.

Entered April 27, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge