IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW C. STECHAUNER,

                Plaintiff,

  v.

EDWARD F. WALL, JON E. LITSCHER,
CATHY JESS, JAMES GREER,
PAUL KEMPER, JUDY P. SMITH,
JASON ALDANA, KRISTEN VASQUEZ,          ORDER
DANIELLE FOSTER, SGT. JAMISON,
SGT. BROWN, OFFICER DISMUKE,           17-cv-221-jdp
LORA BLASIUS, DOCTOR KREMBS,
DOCTOR PATRICK MURPHY,
DOCTOR WHEATLEY, DOCTOR SHEIDE,
DOCTOR ADAMS, SGT. NEAL,
DAWN FOFANA, JOHN DOES, and JANE DOES,

                Defendants.

---

Pro se plaintiff Matthew C. Stechauner, a Wisconsin prisoner incarcerated at the Oshkosh Correctional Institution (OCI), filed a proposed complaint, alleging that prison officials failed to provide adequate medical care for his various physical and mental conditions. Dkt. 1. Stechauner has paid his partial filing fee.

The next step is for me to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Stechauner is a pro se litigant, so I must read his complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After reviewing the complaint with these principles in mind, I conclude that Stechauner's complaint has three problems: (1) some of his allegations fail to state a claim; (2) some allegations violate Federal Rules of Civil Procedure 8 because they are too vague; and (3) the complaint as a whole violates Rules 18 and 20 because Stechauner's claims belong in separate lawsuits. I will dismiss Stechauner's complaint, but Stechauner may file an amended complaint that fixes these problems.

Stechauner's complaint contains 133 numbered allegations against 20 named defendants in addition to various Doe defendants. I will not recount Stechauner's lengthy allegations but instead summarize them. In short, Stechauner's complaint contains seven sets of allegations:

1. Prison employees at Stechauner's old prison, the Racine Correctional Institution (RCI), failed to provide proper medical care for Stechauner's physical conditions, such as difficulty breathing, chest pain, and back pain.

2. Prison officials at RCI retaliated against Stechauner for complaining about the lack of proper medical care at RCI by sending him to OCI.

3. Prison employees at RCI violated Stechauner's rights guaranteed under the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

4. Prison employees at OCI failed to provide proper medical care for Stechauner's physical conditions.

5. Correctional officers at OCI ignored Stechauner's threats of suicide.

6. Staff members at the OCI Psychological Service Unit ignored Stechauner's requests to see a psychiatrist for mental health issues such as anxiety and suicidal ideations.

7. Defendant Doctor Sheide denied Stechauner's right to personal hygiene by not allowing him to shower and to brush his teeth from September 22, 2016, to September 26, 2016.

Normally, I require pro se litigants to satisfy Rules 18 and 20 by separating allegations that belong in separate lawsuits before I screen their complaints. But here, some of the problems

in Stechauner's complaint are obvious, and if he were to file separate lawsuits, he will incur multiple strikes under 28 U.S.C. § 1915(g). Given Stechauner's pro se status, providing him with some guidance is appropriate. Accordingly, I begin the discussion by identifying the allegations that fail to state a claim.

A. **Failure to state a claim**

The third and seventh sets of allegations clearly lack merit. Stechauner alleges vaguely that certain Doe defendants violated Stechauner's rights under HIPPA by telling a correctional officer some unidentified medical information that belonged to Stechauner. Dkt. 1, ¶ 43. But "courts have uniformly held that HIPAA did not create a private cause of action or an enforceable right for purposes of a suit under 42 U.S.C. § 1983." *Franklin v. Wall*, No. 12-cv-614, 2013 WL 1399611, at *2 (W.D. Wis. Apr. 5, 2013). So Stechauner's allegations regarding HIPPA fail to state a claim.

Stechauner also alleges that Doctor Sheide denied his right to shower for four days. Dkt. 1, ¶ 99. I take Stechauner to be pursuing a conditions-of-confinement claim under the Eighth Amendment. But a temporary restriction on access to personal hygiene does not violate the Eighth Amendment. *See Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988); *Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) (reasoning that limiting access to showers to only once per week does not violate the Eighth Amendment). Thus, the allegation that Stechauner was denied personal hygiene for four days fails to state a claim.

This is not to say that the remaining allegations state a claim. The remaining allegations violate Rules 8, 18 and 20 of the Federal Rules of Civil Procedure, and Stechauner must amend his complaint and cure the problems identified below before I can screen his complaint again.

3

### B. Rule 8 of the Federal Rules of Civil Procedure

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Stechauner's complaint violates Rule 8 because it fails to explain how various defendants wronged him. For example, Stechauner alleges that defendant Lora Blasius "didn't medically treat Stechauner properly on 10-27-15 to help relieve my medical issues." Dkt. 1, ¶ 40. I need more details to assess whether he has a claim against Blasius; Stechauner needs to explain what Blasius did and why he believes that Blasius's treatment was improper. Similar problems appear throughout the complaint. Stechauner must explain how each defendant wronged him.

Stechauner must also explain how the Doe defendants violated his rights. I take Stechauner to mean that some of the Doe defendants are nurses who Stechauner believes failed to treat him. *See, e.g., id.* ¶¶ 30-32. But it is unclear whether all Doe defendants are nurses or why Stechauner believes that he has claims against them. For example, he alleges that "Sergeant John Doe or Jane Doe called on-call HSU nurse who told officers to call 911." *Id*. ¶ 34. It is not clear whether Stechauner wishes to proceed against those sergeants. Stechauner must explain how each Doe defendant violated his rights.

### C. Rules 18 and 20 of the Federal Rules of Civil Procedure

Under Rule 18, a plaintiff may assert "as many claims as [he] has against an opposing party." But a plaintiff may not join two cases involving unrelated claims asserted against

different groups of defendants. That is, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Similarly, under Rule 20, joinder of multiple defendants into one action is appropriate only if the plaintiff asserts claims against the defendants arising from "the same transaction, occurrence, or series of transactions or occurrences" and a "question of law or fact common to all defendants . . . arise in the action." Fed. R. Civ. P. 20. In short, "[u]nrelated claims against different defendants belong in different suits." *George*, 507 F.3d at 607. In cases subject to the Prison Litigation Reform Act, keeping unrelated claims separate "ensure[s] that prisoners pay the required filing fees." *Id*. The Seventh Circuit recently reminded district courts not to allow inmates to circumvent these rules. *Owens v. Godinez*, No. 15-3892, 2017 WL 2655424, at *1 (7th Cir. June 20, 2017).

Stechauner's complaint presents two potential lawsuits:

> Lawsuit 1: Prison staff at RCI failed to provide proper medical care for Stechauner's physical conditions. When Stechauner complained about the lack of proper medical care, prison officials retaliated against him by transferring him to OCI. Prison staff at OCI failed to provide medical care for Stechauner's physical conditions.
>
> Lawsuit 2: Prison staff at OCI failed to provide medical care for Stechauner's mental health conditions. Correctional officers at OCI ignored Stechauner's threats of suicide.

Stechauner may not combine these lawsuits into one. They concern different kinds of medical problems, and it appears from Stechauner's complaint that different groups of defendants are responsible for different conditions (e.g., Heath Services Unit for physical conditions and Psychological Services Unit for mental conditions).

Stechauner must decide how to proceed. He may choose one of the two potential lawsuits and file one amended complaint asserting claims for one lawsuit. Stechauner may also

5

file two amended complaints, each containing facts for one of the lawsuits indicated above, but he will be subject to another payment of filing fee. This means that he would owe another $350, even though he could pay this amount in installments if he proceeds *in forma pauperis*.

In sum, I will give Stechauner a short time to submit an amended complaint (or two complaints if he chooses to pursue two separate lawsuits). It is important that Stechauner provides more than just conclusory allegations. He should explain what each defendant specifically did to violate his rights. Should Stechauner fail to cure the problems identified in this order, I will direct the clerk of court to close the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew C. Stechauner is DENIED leave to proceed on his claims, and plaintiff's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until August 1, 2017, to amend his complaint addressing the problems detailed in the opinion above. Should plaintiff fail to amend his complaint by this deadline, the court will direct the clerk of court to enter judgment dismissing the cases.

Entered July 11, 2017.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge