IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW C. STECHAUNER,

                Plaintiff,

v.

PATRICK MURPHY, PHILIP WHEATLEY,
TROY SHEIDE, GARY NEAU, and
DORRIE HANSEN,

                Defendants.[1]

OPINION & ORDER

17-cv-221-jdp

---

Pro se plaintiff Matthew C. Stechauner, a Wisconsin prisoner incarcerated at the Oshkosh Correctional Institution (OCI), is proceeding on deliberate indifference claims against defendants Patrick Murphy, Philip Wheatley, Troy Sheide, and Dorrie Hansen for denial of medical treatment and against defendant Gary Neau for ignoring his suicide threat. Dkt. 31, at 11. Stechauner filed a motion for a preliminary injunction, alleging that he was being denied medical treatment for his chronic cough, chest pain, and throat pain, but I denied the motion because Stechauner was actually receiving medical treatment. Dkt. 20.

Stechauner now renews his motion for a preliminary injunction, alleging again that defendants are denying him medical treatment. Dkt. 41. He seeks an order compelling medical treatment that addresses his chronic cough, chest pain, and throat pain. Stechauner's motion is now fully briefed, and the parties' submissions show that he is receiving medical treatment, so I will deny the motion.

---

[1] I have amended the caption to reflect the full names of defendants Philip Wheatley, Troy Sheide, Gary Neau, and Dorrie Hansen. Dkt. 33 and Dkt. 48.

To obtain a preliminary injunction, the movant must show that: (1) he will likely suffer irreparable harm before the final resolution of his claim without a preliminary injunction; (2) traditional legal remedies are inadequate; and (3) his claim has some likelihood of success on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). Once the movant makes this showing, the court "weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to other parties or the public is sufficiently weighty that the injunction should be denied." *BBL*, 809 F.3d at 324. (citing *ACLU of Ill. v. Alvarez*, 679 F.3d 583, 589 (7th Cir. 2012)). Here, Stechauner's motion turns on the first requirement.

The court must determine whether a preliminary injunction would address the alleged irreparable harm. *See Milwaukee Police Ass'n v. Jones*, 192 F.3d 742, 748 (7th Cir. 1999). The movant must show that he needs the proposed preliminary injunction to address the alleged harm; otherwise, he fails to satisfy the irreparable harm requirement of a preliminary injunction. *See United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953); *Milwaukee Police Ass'n*, 192 F.3d at 748; *Flynn v. Burns*, No. 17-cv-312, 2018 WL 587889, at *18 (E.D. Wis. Jan. 29, 2018).

Here, Stechauner has not satisfied the irreparable harm requirement because the proposed injunctive relief cannot address the alleged harm. Stechauner insists that various medical professionals, including defendants and nonparties, must relieve him of his symptoms because failure to do so constitutes deliberate indifference. In particular, Stechauner's proposed preliminary injunction includes terms that require: Wheatley to give him medicine that would actually cure his conditions; Wheatley to stop giving Stechauner medicine that does not relieve his chronic cough, chest pain, and throat pain; Wheatley to stop sending Stechauner to a

hospitals that are not affiliated with the University of Wisconsin; and all defendants, their employers, and their agents to stop allowing Stechauner to suffer from his symptoms.

The parties' submissions show that defendants and other medical professionals continually provide medical treatment to Stechauner. Such treatment is the "antithesis of deliberate indifference." *Harper v. Santos*, 847 F.3d 923, 927 (7th Cir. 2017) (quoting *McGee v. Adams*, 721 F.3d 474, 482 (7th Cir. 2013)). Danielle Foster, a manager of the health services unit (HSU) at OCI, states in her declaration that Stechauner continues to receive medical treatment on a regular basis. Dkt. 51. Between April 5, 2017, and March 19, 2018, HSU staff saw him more than two dozen times. *Id*. ¶ 9. HSU staff gave Stechauner a bronchodilator, pain medicine, cough syrup, and various antihistamines. *Id*. ¶ 6. Even though prison medical professionals have not identified the cause of Stechauner's symptoms, they have sent him to off-site hospitals and conducted various diagnostic tests, including a laryngoscopy, a bronchoscopy, blood tests, and a CT scan. *Id*. ¶¶ 10–19. Stechauner acknowledges in his declaration that he has been sent to hospitals 13 times for diagnoses and treatment, even though those hospital visits did not relieve him of his symptoms. Dkt. 44, ¶¶ 2–3. The diagnostic tests could not identify the cause of Stechauner's symptoms. For example, an endoscopy showed "no significant abnormality" on March 29, 2017. Dkt. 51-1, at 84. On September 26, 2017, a doctor who reviewed a radiology report of Stechauner's chest wrote, "The lungs are clear . . . No radiographic evidence of acute cardiopulmonary disease." *Id*. at 44. The fact that the treatment did not successfully treat Stechauner does not entitle him to a preliminary injunction. The Eighth Amendment prohibits prison officials from turning a blind eye to serious medical problems; it does not guarantee a cure.

Stechauner also asks for an injunction that compels courses of treatment that he believes would help his symptoms. For example, Stechauner asks for an order requiring Wheatley to prescribe him Codeine—an opioid—to help with his symptoms and send him to the University of Wisconsin Hospital and Clinics to see a specialist there. Stechauner is not entitled to dictate the terms of his care, *see Harper*, 847 F.3d at 927, and he presents no evidence that the courses of treatment he proposes would be any better than the courses of treatment he has been receiving.

I have considered whether to hold a hearing to assess whether Wheatley and other medical professionals are persisting on courses of treatment that they know are ineffective; such persistence can show deliberate indifference. *See Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016). I conclude that a hearing is unnecessary. Multiple medical professionals, including those at the off-site hospitals, have made different attempts to help Stechauner, with his symptoms. For example, they tried various medicines to address his symptoms, but the medicines they tried did not work. Different diagnostic tests could not identify the cause of Stechauner's symptoms. Stechauner has suffered for over two years from chronic cough, chest pain, and throat pain. But he has no evidence that Wheatley and other medical professionals persist with futile treatment when effective options are available.

I will deny Stechauner's renewed motion for a preliminary injunction.

ORDER

IT IS ORDERED that plaintiff Matthew C. Stechauner's motion for preliminary injunction, Dkt. 41, is DENIED.

Entered April 13, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge