IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW C. STECHAUNER,

                Plaintiff,

v.

PAUL KEMPER, LAVAIL JAMISON, DANA BROWN,
JOHN DOES, and JANE DOES,

                Defendants.[1]

OPINION & ORDER

17-cv-582-jdp

---

MATTHEW C. STECHAUNER,

                Plaintiff,

v.

PATRICK MURPHY, PHILIP WHEATLEY,
TROY SHEIDE, GARY NEAU, and
DORRIE HANSEN,

                Defendants.

OPINION & ORDER

17-cv-221-jdp

---

Pro se plaintiff Matthew C. Stechauner is proceeding in both of these cases on claims related to his conditions of confinement at the Oshkosh Correctional Institution and the Racine Correctional Institution. He has filed five motions, four of which relate solely to case no. 17-cv-582: (1) a motion to compel discovery, Dkt. 19; (2) a motion for an extension of time to file an amended complaint, Dkt. 22; (3) a motion for leave to file an amended complaint, Dkt. 30; and (4) a "motion for default judgment and contempt of court," Dkt. 32.[2]

---

[1] I have amended the caption to reflect the full names of the defendants, as identified in the acceptance of service form. Dkt. 13.

[2] Citations to the record are to case no. 17-cv-582 unless otherwise noted.

Stechauner also filed a motion for assistance in recruiting counsel, which applies to both cases. Dkt. 23 (in case no. 17-cv-582) and Dkt. 59 (in case no. 17-cv-221).

For the reasons explained below, I will grant Stechauner's motion for an extension of time and his motion for leave to amend his complaint to add Kim Einwalter as a defendant. I will deny all other motions.

ANALYSIS

A. **Motion to compel, motion for an extension of time to amend complaint, and motion for leave to amend complaint**

In the screening order in case no. 17-cv-582, I allowed Stechauner to proceed on a claim against an unnamed female nurse who allegedly refused to examine Stechauner when he was experiencing difficulty breathing, chest pain, and a fast heartbeat. Dkt. 11. Stechauner's motion to compel, motion for an extension of time to amend complaint, and motion for leave to amend complaint are all related to that claim.

In his motion to compel, Stechauner says that defendants are refusing to disclose the name of the Jane Doe nurse. In his motion for an extension of time, which he filed at the same time that he filed his motion to compel, he asks for more time to amend his complaint to identify the Jane Doe because the defendants haven't identified her yet. And in the motion for leave to amend, which he filed three weeks later, he asks to replace the Jane Doe defendant with Kim Einwalter, which is the name defendants provided Stechauner on March 28, 2018, Dkt. 18, two weeks before he filed his motion to compel.

Now that Stechauner has identified the Jane Doe, his motion to compel is moot. I will grant his motion for an extension of time and his motion to amend his complaint to add Einwalter as a defendant. Although Stechauner originally included more than one Doe

defendant in his complaint, he has not identified anyone other than Einwalter in his supplement and he does not allege that there are any other Doe defendants who need to be named. Accordingly, I will dismiss the remaining Doe defendants.

**B. Motion for default judgment**

Stechauner seeks a default judgment against Einwalter because she hasn't answered the complaint. He cites a statement in the preliminary pretrial conference order in which Magistrate Judge Stephen Crocker set a three-week deadline for a Doe defendant to file an answer "following receipt of the amended complaint." Dkt. 16. Stechnauer says that Einwalter failed to file an answer within three weeks after he filed his supplement.

I will deny Stechauner's motion for two reasons. First, as Stechaunder himself recognized, he needed leave to amend his complaint because he missed his deadline. A defendant's deadline for answering an amended complaint does not begin to run before the court approves the amendment.

Second, a more fundamental problem is that Einwalter has not yet been served with the complaint. The Wisconsin Department of Justice declined to accept service on behalf of Einwalter because she is not a state employee, Dkt. 17, which means that Einwalter needs to be served in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Stechauner says that he mailed his complaint to the work address provided by defendants, but Stechauner's efforts do not satisfy the requirements of Rule 4. As an initial matter, Stechauner acknowledges that he received a letter from the employer, informing him that Einwalter no longer worked there. And even if Einwalter received the complaint, Rule 4 requires *personal* service of both the complaint and the summons issued by the court, unless the

defendant waives personal service. Without a waiver, simply mailing the complaint is not sufficient.

So Stechauner is not entitled to a default judgment. But he is not required to serve the complaint on his own. Because he is indigent, the U.S. Marshals Service is required to make reasonable efforts to personally serve the complaint on Einwalter. *Williams v. Werlinger*, 795 F.3d 759, 760 (7th Cir. 2015).

The Marshals may wish to first attempt service at the address provided by defendants, Dkt. 17, but that may not be sufficient. As noted above, Stechauner says that he could not contact Einwalter at that address. But even if Einwalter no longer works at the same address, a former employer may know where Einwalter can be located now. And if the employer doesn't know, there may be other ways of locating Einwalter, such as searching public records. *Williams*, 795 F.3d at 760. The Marshals Service should use whatever investigative tools are at its disposal and can be utilized through reasonable effort.

If the Marshals Service is unable to locate Einwalter, it must describe the efforts it took in detail so that the court can evaluate whether those efforts were reasonable. *E.g.*, *id.* (statement that defendant had "retired," that "no forwarding info [was] available" and that official could not be located "using internet database searches" not sufficient). If the Marshals Service is successful in obtaining Einwalter's personal address, that address should be maintained in confidence, and not revealed on the service forms that are filed in the court's public file and mailed to Stechauner.

**C. Assistance in recruiting counsel**

A pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in

4

finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet several requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford to hire his own lawyer. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). Finally, he must show that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655.

Stechauner has satisfied the first two requirements: he is proceeding *in forma pauperis* and he has submitted rejection letters from several lawyers. But I will deny his motion for assistance in recruiting counsel because he has not shown that he is unable to prosecute the case on his own.

Stechauner lists several reasons why he believes he needs counsel: (1) he has been receiving assistance from another prisoner who is being transferred to another facility; (2) he reads at a sixth-grade level; (3) he is raising medical care claims in both cases that will require expert testimony; (4) prisoners he wants to use as witnesses are no longer housed at the same prison and are not responding to his letters; (5) he suffers from various mental illnesses, such as bipolar disorder, major depressive disorder, attention deficit hyperactivity disorder, antisocial personality disorder, intermittent explosive disorder, and post-traumatic stress

5

disorder; (6) defendants have failed to comply with some of his discovery requests; and (7) he is not receiving adequate time in the law library. I will consider each of these reasons in turn.

**Assistance from another prisoner.** It is too early to tell whether Stechauner will be unable to litigate his case without the assistance of the prisoner who is being transferred. The general rule is that a litigant's reliance on a fellow inmate for assistance in drafting legal filings does not factor into a court's analysis when deciding whether to assist with the recruitment of counsel. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) ("[T]he fact that an inmate receives assistance from a fellow prisoner should not factor into the decision whether to recruit counsel."). This is because receiving assistance from another prisoner is not proof that a plaintiff is himself incapable of presenting his case. It may be that Stechauner will be able to find another prisoner to help him. Or it may be that Stechauner will be able to litigate the case on his own. But until Stechauner tries, I have no basis for inferring that he needs the assistance of counsel.

**Reading level.** Although Stechauner says he has limited reading ability, I have not seen evidence that any limitations prevent him from litigating this case. Stechauner continued filing motions on his own even after he indicated in his motion for assistance in recruiting counsel that his assistant would no longer be able to help him. The more recent documents are handwritten rather than typed, but they show that Stechauner can read, write, make arguments, and cite relevant legal authority. And documents that Stechauner filed with the court state that he has average intelligence. Dkt. 23-2, at 1.

**Nature of the claims.** Stechauner says that a number of his claims raise medical issues and will require expert testimony. But the Court of Appeals for the Seventh Circuit has rejected the view that all medical claims require the assistance of counsel. E.g., *Romanelli v. Suliene*, 615

6

F.3d 847, 853 (7th Cir. 2010). And not every claim about medical care requires expert testimony. When it "is so obvious that even a lay person would perceive the need for a doctor's attention," but prison staff fail to provide treatment, that is a violation of the Eighth Amendment. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). In these cases, many of Stechauner's claims are that defendants simply failed to provide him any treatment, which would not necessarily require expert testimony. It is simply too soon to tell whether expert testimony will be needed or even helpful in this case.

**Prisoner witnesses.** Stechauner says that he has been unable to communicate with potential witnesses for various reasons, including that they have failed to respond to his letters or he doesn't know where they are currently housed. If Stechauner needs to locate a witness who is still incarcerated in the Wisconsin Department of Corrections, he can request that information from defendants in discovery.

Stechauner doesn't say how he believes a lawyer would help with an uncooperative witness, but presumably he wishes to take the deposition of those witnesses. Regardless, Stechauner doesn't identify the relevant information these witnesses may have. If the witnesses cannot provide important testimony, a wish to depose them is not a ground for recruiting counsel.

**Mental health conditions.** Stechauner says that he suffers from various mental illnesses. He attaches two psychiatric evaluations, which show diagnoses for major depressive disorder, unspecified personality disorder with antisocial and borderline features, and bipolar disorder. Dkt. 23-2. But he does not identify any language in these documents suggesting that any of his conditions render him unable to litigate this case on his own. Rather, one evaluation states that he is "relatively stable" and that he is not suffering symptoms from his bipolar

7

disorder. The other evaluation states that Stechauner has "[n]o significant mental health concerns at this time." Particularly because his court filings do not show signs of impairment, I am not persuaded that Stechauner needs a lawyer because of mental health concerns.

**Discovery requests.** Stechauner says that he needs a lawyer because defendants are not complying with some of his discovery requests. But the appropriate response to this is not a request for counsel, but a motion to compel discovery, which is exactly what Stechauner filed when he believed that defendants were withholding information about the Jane Doe defendant. This shows that Stechauner is capable of acting as his own advocate.

**Limited time in the law library.** Stechauner says that he has limited time in the law library, but he hasn't shown that he needs more time than he receives now. He doesn't identify any deadlines he has missed as a result of limited access to the law library. If he cannot meet a deadline in the future because he needs more time to do research, he may request an extension of time then, so long as he can show that he has good cause for his request.

Stechauner faces challenges, some of which are not common to every prisoner litigant, but he hasn't shown that he needs the assistance of counsel. If later developments in the case show that he cannot litigate the case on his own, he may renew his motion then.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew C. Stechauner's motion to compel discovery, Dkt. 19 (in case no. 17-582), is DENIED as moot.

2. Stechauner's motion for an extension of time and his motion for leave to supplement his complaint to add Kim Einwalter as a defendant, Dkt. 22 and Dkt. 30 (in case no. 17-582), are GRANTED.

3. The clerk of court is directed to forward to the U.S. Marshals Service a completed summons form, this order, and copies of the complaint and supplement to the complaint, Dkt. 1 and Dkt. 30 (in case no. 17-582) for service on Einwalter.

4. Stechauner's motion for a default judgment, Dkt. 32 (in case no. 17-582) is DENIED.

5. Stechauner's motion for assistance in recruiting counsel, Dkt. 23 (in case no. 17-582) and Dkt. 59 (in case no. 17-221), is DENIED.

6. The John and Jane Doe defendants are DISMISSED.

Entered July 30, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge