IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW C. STECHAUNER,

               Plaintiff,

  v.

PATRICK MURPHY, PHILIP WHEATLEY,
TROY SHEIDE, GARY NEAU, and
DORRIE HANSEN,

               Defendants.

ORDER

17-cv-221-jdp

---

MATTHEW C. STECHAUNER,

               Plaintiff,

  v.

PAUL KEMPER, LAVAIL JAMISON,
DANA BROWN, and KIM EINWALTER,

               Defendants.

ORDER

17-cv-582-jdp

---

Pro se plaintiff Matthew Stechauner has two cases pending in this court. *Stechauner v. Murphy*, Case No. 17-cv-221; *Stechauner v. Kemper*, Case No. 17-cv-582. Defendants in both cases filed a motion to take Stechauner's deposition on March 21, 2019, and the court granted the motion. Dkt. 105 ('221 case); Dkt. 82 ('582 case). Stechauner has now filed a motion for a protective order prohibiting defendants from deposing him. Dkt. 106 ('221 case); Dkt. 83 ('582 case). I will deny the motion.

A party may seek leave to depose a prisoner if the deposition will allow the party to discover "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 30(a)(2)(B) and 26(b)(1). And here, both of Stechauner's lawsuits involve

claims that he hopes to prove, at least in part, through his own testimony at trial. So Stechauner's testimony at deposition is not only relevant to his claims, but central to them. Defendants may take Stechauner's deposition to learn his version of events and how he plans to testify at trial.

Stechauner gives three reasons why he should not have to sit for deposition, but none are persuasive. First, he contends that the deposition is improper because the parties have already briefed their summary judgment motions. But there is no rule that depositions must be taken before filing a summary judgment motion. On the contrary, the court specified that discovery would continue until April 19 in the '221 case, and May 17 in the '582 case, long after summary judgment motions were due.

Second, Stechauner contends that he has a right to appointment of counsel before being deposed. But litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). In determining whether to recruit counsel for a pro se litigant, the relevant question is whether the complexity of the case exceeds the plaintiff's ability to litigate it. *Pruitt,* 503 F.3d at 653.

I am not convinced that a deposition will be too complex for Stechauner to handle on his own. To sit for a deposition, Stechauner does not need to have a knowledge of the law or make complex legal arguments. He simply needs to answer defendants' questions and tell his side of the story. If Stechauner's claims survive summary judgment, I will reconsider whether he needs a lawyer to represent him at trial. But I will not recruit counsel to represent him for the deposition.

Third, Stechauner says that he has mental health issues and is on psychoactive medication that will make him too sedated for deposition. But he does not explain what these medications are, and the exhibit that he attached to his motion does not support this contention. *See* Dkt. 83-1 (Although Stechauner reports having anxiety, he presents as "coherent, oriented, alert, and cooperative."). In any event, Stechauner does not need to perform complex actions during the deposition—he needs only to answer defendants' questions and tell them what he remembers.

Stechauner asks if he may plead the Fifth Amendment during the deposition. The Fifth Amendment guarantees that no person "shall be compelled in any *criminal* case to be a witness against himself." U.S. Const. Amend. V (emphasis added). The privilege against self-incrimination applies in civil lawsuits, like this one, only when an individual's answers to questions might incriminate him in future criminal proceedings. *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 389 (7th Cir. 1995). It does not give a plaintiff the right to refuse to answer any questions that may harm his case.

During his deposition, Stechauner may invoke his privilege against self-incrimination and refuse to answer a question if—and only if—he reasonably believes that answering the question will reveal information that could lead to a new criminal prosecution against him. Stechauner should also be aware that if he invokes his Fifth Amendment privilege, defendants will be able to use that as evidence against him in the case. *See U.S. S.E.C. v. Lyttle*, 538 F.3d 601, 604 (7th Cir. 2008) (refusal to testify may be used as evidence against party in civil case).

ORDER

IT IS ORDERED that plaintiff Matthew Stechauner's motion for a protective order, Dkt. 106 in Case No. 17-cv-221 and Dkt. 83 in Case No. 17-cv-582, is DENIED.

Entered March 19, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge