IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW C. STECHAUNER,

                Plaintiff,

v.

GARY NEAU,

                Defendant.

ORDER

17-cv-221-jdp

---

MATTHEW C. STECHAUNER,

                Plaintiff,

v.

PAUL KEMPER, LAVAIL JAMISON,
DANA BROWN, and KIM EINWALTER,

                Defendants.

ORDER

17-cv-582-jdp

---

Pro se plaintiff Matthew Stechauner has two cases pending in this court. *Stechauner v. Neau*, Case No. 17-cv-221; *Stechauner v. Kemper*, Case No. 17-cv-582. He has filed a motion to stay proceedings and appoint counsel in both cases, Dkt. 142 ('221 case); Dkt. 87 ('582 case), and he has filed a motion to sanction defendant Gary Neau for falsifying documents in the '221 case. Dkt. 144. I will deny both motions.

First, I will deny Stechauner's motion for appointment of counsel for the same reasons that I denied his previous motions for appointment of counsel. Dkt. 68 and Dkt. 108 ('221 case); Dkt. 37 and Dkt. 85 ('582 case). Litigants in civil cases do not have a constitutional right to counsel. If I determine that a case exceeds the plaintiff's ability to litigate it, then I can assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1);

*Pruitt v. Mote*, 503 F.3d 647, 653–54, 656 (7th Cir. 2007) (en banc). But I am not convinced that either of these cases will be too complex for Stechauner to handle on his own. Stechauner says that he needs a lawyer because he has lacks legal knowledge and has been diagnosed with mental health disorders, but mental health issues and a lack of legal knowledge are unfortunately common among pro se prisoner litigants. They are not in themselves reasons to recruit counsel. Both cases are relatively simple, and I issued trial preparation orders in both cases that include specific instructions about how Stechauner should present his claims at trial. Dkt. 109 ('221 case); Dkt. 86 ('582 case). Stechauner has thus far had no difficulty meeting the deadlines set out in those orders.

Second, I will deny Stechauner's motion for sanctions against Neau because he has not provided enough evidence to prove that sanctions are appropriate. Stechauner says that Neau doctored bed-assignment records to make it appear that Stechauner's witness, Deandre Harvey, was not present during the events that he will testify about. In support of his motion, Stechauner provides declarations from Harvey and himself that dispute the accuracy of the challenged records. Dkt. 145 and Dkt. 146 ('221 case). But this shows only that the parties dispute the facts of the case, and factual disputes are typically resolved at trial. During the trial of the '221 case, Stechauner is free to present Harvey as a witness, to cross-examine Neau, and to argue that the bed assignment records have been doctored. But Neau is also free to present the bed assignment records and to argue that Stechauner and Harvey are lying. It will be up to the jury to determine who is correct. Should the trial reveal clear evidence that Neau committed misconduct in this case, then Stechauner may renew his motion for sanctions.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew Stechauner's motion for appointment of counsel, Dkt. 142 in 17-cv-221 and Dkt. 87 in 17-cv-582, is DENIED without prejudice.

2. Stechauner's motion for sanctions against defendant Gary Neau, Dkt. 144 in 17-cv-221, is DENIED without prejudice.

Entered May 9, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge